# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GEORGIANA ALLISON,**
**Claimant Below, Petitioner**

**FILED**

July 31, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 19-0414** (BOR Appeal No. 2053730)
             (Claim No. 2016027351)

**MTR GAMING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Georgiana Allison, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). MTR Gaming, by Counsel Daniel G. Murdock, filed a timely response.

The issues on appeal are temporary total disability benefits and medical benefits. The claims administrator granted temporary total disability benefits for April 28, 2016, and closed the claim on February 16, 2018. On May 8, 2018, the claims administrator denied authorization for a right shoulder MRI. The Office of Judges affirmed the decisions in its December 10, 2018, Order. The Order was affirmed by the Board of Review on April 3, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Allison, a hotel housekeeper, was injured in the course of her employment on April 24, 2016. Treatment notes from East Liverpool City Hospital Emergency Department indicate she was lifting towels at work and heard a pop in her right shoulder, which was followed by pain. Ms. Allison stated that she had preexisting nerve damage in the shoulder due to a motor vehicle accident. She was diagnosed with right shoulder strain. The Employees' and Physicians' Report of Injury, completed on April 26, 2016, indicates Ms. Allison injured her right shoulder while lifting towels. The diagnosis was listed as right shoulder strain, and she was placed on modified work duties.

1

Ms. Allison sought treatment from John Schultz, M.D., on May 6, 2016, for right shoulder pain. Dr. Schultz diagnosed rotator cuff sprain and prescribed physical therapy. On May 9, 2016, Dr. Schultz completed a physical capability form indicating that Ms. Alison was restricted to sedentary work until May 23, 2016. On May 18, 2016, a right shoulder x-ray was performed and showed no abnormalities. Ms. Allison returned to Dr. Schultz on May 20, 2016, and reported right shoulder pain aggravated by movement. He noted that she underwent a few physical therapy sessions which yielded slight improvement. Ms. Allison was working modified duty but requested to be released to full time duty. Dr. Schultz obliged.

On July 20, 2016, Charles Capito, M.D., an orthopedist, noted that Ms. Allison reported pain and numbness in her right shoulder/arm. Dr. Capito opined that the symptoms were originating from either a cervical disc or the brachial plexus nerve group. He referred Ms. Allison to a neurologist. A patient visit information form completed at East Liverpool City Hospital on September 1, 2016, indicates Ms. Allison was diagnosed with cervical radiculopathy and released to full duty work. On September 9, 2016, Jody Leonardo, M.D., stated in a letter that Ms. Allison should remain off of work until a follow up examination could be completed.

Dr. Schultz completed a reopening request form for temporary total disability benefits on October 6, 2016, indicating that Ms. Allison had numbness and weakness in her right shoulder/arm. He stated that she was disabled from May 8, 2016, through the present. In an attached work excuse slip, Dr. Schultz indicated Ms. Allison was unable to work from October 5, 2016, to December 20, 2016.

On May 5, 2017, the Office of Judges reversed a claims administrator decision rejecting the claim. The Office of Judges held the claim compensable for right shoulder strain. The Office of Judges agreed with the opinion of ChuanFang Jin, M.D., that Ms. Allison's widespread symptoms are not the result of the compensable injury.[1]

Ms. Allison testified in a deposition on May 11, 2017, that she was involved in a motor vehicle accident in 2004, which resulted in nerve damage to her right elbow and arm. She testified that her right shoulder was not affected by the accident and that she fully recovered from the injury. Ms. Allison also described a 2014 motor vehicle accident in which she injured her neck and low back. The injury required approximately one month of physical therapy. Ms. Allison testified that she was off of work from the date of the injury until May 6, 2016, when she returned to light duty. She worked until August of 2016, when she was taken off of work by her neurosurgeon.

On June 1, 2017, Ms. Allison sought treatment from Weirton Medical Center for right shoulder pain. She was diagnosed with history of white matter lesions, right shoulder pain, sensory neuropathy due to diabetes, osteostasis white matter disease, and paresthesia.

Dr. Jin performed an independent medical evaluation on September 28, 2017, in which she diagnosed right shoulder sprain/strain with a history of right shoulder pain. Dr. Jin also diagnosed

---

[1]Dr. Jin's report was not introduced into the record.

nonspecific wide-spread symptoms of uncertain etiology. She noted that Ms. Allison's symptoms at the time of evaluation were more severe than would be expected with a shoulder sprain/strain. Dr. Jin further found that her symptoms were not explained by diagnostic or clinical findings. Dr. Jin believed that Ms. Allison had reached maximum medical improvement for her compensable right shoulder strain.

On February 16, 2018, the claims administrator granted temporary total disability benefits for April 28, 2016, and closed the claim for temporary total disability benefits. On April 7, 2018, Ms. Allison underwent a right shoulder MRI which showed mild acromioclavicular joint degenerative changes. The claims administrator denied authorization for the MRI on May 8, 2018.

Bill Hennessey, M.D., performed an independent medical evaluation on June 19, 2018, in which he noted that Ms. Allison reported severe right shoulder pain during examination. However, Dr. Hennessey found identical muscle bulk on the right arm/shoulder as he did on the uninjured left side. He opined that Ms. Allison's range of motion findings were invalid due to her report of inappropriately high pain levels. Dr. Hennessey diagnosed right shoulder strain and found that Ms. Allison had reached maximum medical improvement. He opined that she required no further treatment and noted that he believed she was malingering.

The Office of Judges affirmed the claims administrator's decisions closing the claim for temporary total disability benefits and denying authorization of a right shoulder MRI in its December 10, 2018, Order. It found that the evidence regarding Ms. Allison's temporary total disability was not specific enough to grant benefits. The Office of Judges found that Ms. Allison was restricted to modified duty the day after the compensable injury occurred. On May 20, 2016, Dr. Schultz noted that Ms. Allison was working light duty and released her to return to full duty work. Then, Dr. Schultz completed the reopening application on October 5, 2016, and stated that Ms. Allison was temporarily and totally disabled from May 8, 2016, to the present. Attached was a work excuse slip which stated that Ms. Allison was unable to work from October 5, 2016, through December 20, 2016. The Office of Judges therefore found that Dr. Schultz opined Ms. Allison was temporarily and totally disabled after he had already released her to return to work. Further, her deposition was not specific enough regarding the dates she was unable to work due to the compensable injury.

Regarding authorization of a right shoulder MRI, the Office of Judges found that Ms. Allison failed to show that the MRI was requested due to her compensable right shoulder sprain. The Office of Judges noted that the last treatment note from Dr. Schultz was two years before the right shoulder MRI and that treatment note did not reference a right shoulder MRI. Further, Dr. Jin concluded in her September 28, 2017, evaluation that no further treatment was necessary for the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 3, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence regarding temporary total disability benefits is insufficient to grant such benefits, and the MRI was properly denied because it was not necessary medical treatment for the compensable injury.

3

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 31, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4